**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ksenya V Verse, | No. CV-25-01581-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Douglas Scott, et al., | |
| Defendants. | |

    Plaintiff Ksenya V. Verse filed a complaint naming as defendants her former spouse, her former spouse's counsel, a state court judge, and the State Bar of Arizona. Verse also filed an application to proceed in forma pauperis. Although Verse is entitled to proceed in forma pauperis, two of the defendants cannot be sued in federal court and there may be jurisdictional issues regarding Verse's claims against the other two defendants. Two defendants are dismissed and Verse is required to establish the presence of diversity jurisdiction.

    Sometime before 2015, Verse and defendant Paul Douglas Scott were married. The couple had one child together. Verse and Scott separated in 2015 and divorced in 2017. (Doc. 1 at 2.) Beginning in 2015, Scott allegedly engaged in a campaign to "make [Verse] economically collapse, and then use that collapse to discredit her as a parent." (Doc. 1 at 2.) Scott and his counsel, defendant Greg R. Davis, also engaged in "coordinated slander and defamation campaigns" against Verse. (Doc. 1 at 2.)

    Before February 2025, Verse and Scott were engaged in family court litigation in

Maricopa County Superior Court. In connection with that litigation, Davis "stalked, tracked, and surveilled" Verse. (Doc. 1 at 2.) On February 14, 2025, defendant James Knapp, a superior court judge, issued a judgment against Scott. Verse appealed from that judgment and her appeal remains pending. At some point in this sequence of events Verse filed a "formal Bar Complaint" with the State Bar of Arizona that included "overwhelming evidence of fraud, perjury, ethical breaches, and judicial misconduct." (Doc. 1 at 2.) The State Bar "summarily dismissed" the complaint. (Doc. 1 at 2.)

On May 9, 2025, Verse filed her complaint in this court alleging a variety of federal civil rights claims and tort claims. (Doc. 1 at 3.) Verse also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (Doc. 3.) That motion requests an injunction prohibiting the state court litigation from proceeding until her appeal is final. She also requests defendants be prohibited from "[i]ssuing or communicating threats of incarceration, fines, or coercive demands," and that "this matter" be referred for "judicial review and oversight." (Doc. 3 at 2-3.) On May 12, 2025, Verse filed a "supplement" to her complaint with additional evidence allegedly establishing "all state mechanisms for redress have failed to act." (Doc. 7 at 2.)

When a plaintiff is proceeding in forma pauperis, the court may "dismiss the case at any time" if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). And "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Beginning with those defendants who are immune from suit, Verse cannot sue Judge Knapp or the State Bar of Arizona. Verse is attempting to assert claims for money damages against Judge Knapp based on actions Judge Knapp took in his judicial capacity during the proceedings in superior court. Whether she is attempting to assert federal or state-law claims against Judge Knapp, he is entitled to absolute immunity from money damages. *Burk v. State,* 156 P.3d 423, 426 (Ariz. Ct. App. 2007) (noting "judges are absolutely

immune from damages lawsuits for their judicial acts"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (discussing "the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). And the Eleventh Amendment prevents Verse from obtaining any injunctive relief against Judge Knapp. *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 981 (9th Cir. 2024) ("state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment"). Judge Knapp is dismissed.

Verse also asserts claims for money damages and injunctive relief against the State Bar of Arizona. But the State Bar of Arizona qualifies as "an arm of the state," meaning the Eleventh Amendment prevents Verse from obtaining any injunctive relief against it. *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495, at *6 (D. Ariz. Apr. 2, 2020). The State Bar of Arizona is dismissed.

The two remaining defendants are Scott and Davis. Verse asserts both federal civil rights and state-law claims against them and possibly seeks emergency injunctive relief against them.[1] These defendants are not immune from suit, but all of Verse's federal claims fail and there may not be an independent jurisdictional basis for her claims to remain in this court.

Beginning with Verse's federal claims, there are no allegations establishing Scott or Davis is a "state actor" or a "federal actor." As a result, none of Verse's federal civil rights claims are plausible against these defendants. *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("Like § 1983, which requires the wrongdoer to be a state actor, § 1985(3) requires at least one of the wrongdoers in the alleged conspiracy to be a state actor."); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a

---

[1] The portion of Verse's emergency motion explaining the request she seeks appears to focus primarily on actions that might be taken by Judge Knapp, such as "[p]roceeding with any contempt hearings" or issuing "threats of incarceration, fines, or coercive demands." (Doc. 3 at 2-3.)

state actor under § 1983 by a federal actor under *Bivens*."). That leaves only Verse's state-law claims.

Verse alleges Scott and Davis engaged in abuse of process, malicious prosecution, and intentional infliction of emotional distress. The complaint likely does not contain sufficient factual allegations supporting these claims and the claims could be dismissed on that basis. But a preliminary issue is whether the court has jurisdiction. The dismissal of Verse's federal claims means the court has an independent jurisdictional basis to hear her claims against Scott and Davis only if Verse is a citizen of a different state than either Scott or Davis, and more than $75,000 is in controversy. 28 U.S.C. § 1332(a); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (diversity jurisdiction requires "no plaintiff and no defendant who are citizens of the same State"). Verse seeks twenty million dollars, so the amount-in-controversy requirement is met. But Verse appears to be a citizen of Arizona and one of Verse's filings indicates Davis is an Arizona attorney practicing in Arizona, making it likely he is an Arizona citizen. (Doc. 7 at 8.). If they are both citizens of Arizona, there is not an independent jurisdictional basis for the remaining claims. And given the early stage of this litigation, the court would decline to exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(c). Verse must file a supplement identifying the citizenship of Scott and Davis.

Finally, Verse seeks a temporary restraining order and preliminary injunction but does not identify what relief she is seeking against each defendant. Assuming Verse is seeking early injunctive relief against Scott and Davis, the strong possibility the parties are not diverse and that the court will decline to exercise supplemental jurisdiction means Verse has not established a significant likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing factors required to obtain early injunctive relief). The motion is denied.

**IT IS ORDERED** the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** the Application (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** all claims against defendants James Knapp and the State Bar of Arizona are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** no later than **May 30, 2025**, plaintiff Ksenya Verse shall file a supplement identifying the citizenships of defendants Paul Douglas Scott and Greg R. Davis. The Clerk of Court is directed to enter a judgment of dismissal without prejudice if no supplement is filed by that date.

Dated this 16th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge