**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ksenya V Verse, | No. CV-25-01581-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Douglas Scott, et al., | |
| Defendants. | |

On May 16, 2025, the court dismissed all claims against defendants James Knapp and the State Bar of Arizona. (Doc. 9.) The court also dismissed all federal claims against the two other defendants, Paul Douglas Scott and Greg R. Davis. Those dismissals left only state-law claims against Scott and Davis. Because it was possible the court would decline to exercise supplemental jurisdiction over those claims, the court ordered plaintiff Ksenya V. Verse to file a supplement identifying the citizenships of Scott and Davis. Verse's supplement states both Scott and Davis are citizens of Arizona. (Doc. 10.)

Diversity jurisdiction requires "each of the plaintiffs . . . be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Verse, Scott, and Davis are all citizens of Arizona, so diversity jurisdiction does not exist. And having dismissed the federal claims, the court must decide whether to exercise its supplemental jurisdiction. The Supreme Court recently reiterated that when, as here, "federal law is not where the real action is," "the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S.

22, 32 (2025). If Verse wishes to assert state-law claims against citizens of Arizona, she must do so in state court.

**IT IS ORDERED** the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter a judgment without prejudice and close this case.

Dated this 23rd day of May, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge